The opinion of the Court was delivered by
Harper, J.
We understand the naked question to be submitted to us, and the plea to depend upon it, whether an administrator may retain for a debt of his own, which was barred by the statute of limitations at the death of his testator? The authorities seem to be clear, that against another creditor an executor is not bound to plead the statute. The only authority in favour of his power to retain for his o*wn debt in such case, is that referred to by Maddock, in his treatise on Chancery, 1 vol. p. 583: Hopkinson vs. Leech, decided May, 1819. It is said in the note, “ Leach was of opinion he might retain, but directed the opinion of a Court of law to be taken.” We are not acquainted with the circumstances of that case, and it can hardly be regarded as authority. The reasoning in the text of Maddock, seems unsatisfactory: that as the executor might have paid a debt to another, without pleading the statute, so he may retain for himself. That confidence is reposed in the executor, because as to others he represents the testator, and is not bound to take an advantage, which it would have been unconscientious for the testator himself to take. 'He is supposed to be disinterested, or if having any interest, it is to prevent the establishment of debts against the estate. But it would be against the whole spirit of our law, that confidence should be reposed in a man in relation to a matter, in which his own *262 interest is concerned, and where there must be the utmost temptation to abuse that confidence. There would be continual inducement to fraud, by setting up stale demands, and such perhaps as had been actually satisfied: and administration might be often taken out for such purpose. The case Ex parte Dewdney, 15 Ves. 479, may be authority to this purpose. That was a case where claims, against which the statute had run, were presented against the estate of a bankrupt. They were disallowed by the Chancellor. He says, “ a commission of bankruptcy is nothing more than a substitution of the authority of the Lord Chancellor, enabling him to work out the payment of those creditors, who could by legal action, or equitable suit, have compelled payment, and that the objection upon the statute is competent to creditors, and may be sustained. I see no reason for holding that it is not competent to the bankrupt, to take this objection, and if he waves it, to creditors.” In that case, the creditors were the actual parties litigant. In this case, it is the distributees: against them the administrator’s demand must be established, and I have no doubt but that it is competent to them to take the objection.
The Chancellor’s decree must be therefore reversed, and the plea sustained.
Johnson and O’Neall, JJ., concurred.

Decree reversed.